UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY COOLEY,

       Petitioner,                     Case No. 16-cv-13363
                                           Hon. Matthew F. Leitman

v.

BONITA HOFFNER,

       Respondent.

_____/

**ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On September 14, 2016, Petitioner Larry Cooley ("Cooley") filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.) Cooley was convicted in 1983 in the Wayne County Circuit Court of first degree murder, and he was sentenced to life imprisonment. (*See id.*) This is not the first time Cooley has sought habeas relief from this conviction. Indeed, Cooley has filed (or attempted to file) three previous habeas petitions under § 2254 challenging his conviction. Accordingly, for the reasons stated below, the Court will transfer this action to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) on the grounds that this Court does not have jurisdiction to review the Petition absent an order of authorization from the

appellate court.

In the Petition, Cooley alleges that the state trial court erroneously denied him post-conviction relief after he discovered new evidence in September of 2013 that his co-defendant (his brother) made a statement to a fellow prisoner exonerating him. (*See* Petition, ECF #1 at 18, Pg. ID 18.)

Cooley has previously sought federal habeas relief on three occasions. In 1987, he filed his first federal habeas petition in this Court. That petition presented four grounds for relief: (1) the trial court improperly instructed the jury with respect to premeditated murder and felony murder; (2) the trial court erred when it denied Cooley's motion for a directed verdict; (3) the trial court erred when it denied a jury instruction Cooley had requested; and (4) the prosecutor committed misconduct. The Court denied the petition on June 30, 1987. *See Cooley v. Hoffner*, 2012 U.S. Dist. LEXIS 109902, at *4-5 (W.D. Mich. Aug. 7, 2012) (citing *Cooley v. Koehler*, No. 87-cv-70475 (E.D. Mich.)).

In 2008, Cooley filed a motion in the United States Court of Appeals for the Sixth Circuit seeking leave to file a second or successive habeas petition. That application raised the following claims: (1) the state district court lacked probable cause to bind Cooley over for trial; (2) a witness's statement was coerced; (3) Cooley was denied the effective assistance of counsel; and (4) Cooley's conviction

was obtained through the use of false and perjured testimony. The Sixth Circuit denied the motion. See *In re Cooley*, No. 08-2462 (6th Cir. June 17, 2009).

Finally, Cooley filed a habeas petition in the United States District Court for the Western District of Michigan in 2012, raising the following claims: (1) Cooley is actually innocent; and (2) the trial court incorrectly instructed the jury. This petition was summarily dismissed as an "abuse of the writ." *Cooley*, 2012 U.S. Dist. LEXIS 109902, at *11.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *Sims v. Terbush,* 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is

filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The instant case is Cooley's fourth attempt to obtain federal habeas relief with respect to his state court judgment. Therefore, Cooley cannot proceed with this successive petition without first acquiring permission to file it from the court of appeals. Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether this Court may consider the claims raised in the Petition.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 3, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113